IN THE UNITED STATES COURT OF APPEALS
FOR THE DISTRICT OF COLUMBIA CIRCUIT

ALLIED CO-OP OF ADAMS, WI; BASIN )
FERTILIZER & CHEMICAL CO., LLC OF )
MERRILL, OR; BERN SEED OF BERN, )
OF BERN, KANSAS; BRANT CONSOLIDA- )
TED, INC. OF SPRINGFIELD, IL; )
CENTENNIAL AG SUPPLY CO. OF )
GREELEY, CO; CONSUMERS OIL & SUPPLY )
COMPANY OF BRAYMER, MO; FARMERS )
FEED & GRAIN COMPANY, LLC OF )
RICEVILLE, IA;  HARVEST LAND CO-OP )
OF RICHMOND, IN; O'TOOLE OF LETTS, IA; )
PINNACLE AG HOLDINGS, LLC OF )
MEMPHIS, TN; PREMIER AG COOPERATIVE )
ASSOCIATION OF COLUMBUS, IN; )
SINCLAIR ELEVATOR OF PARKERS BURG, )
IA; SOUTH DAKOTA WHEAT GROWERS OF )
ABERDEEN, SD;  STRATTON SEED CO. OF )
STUTTGART, AK;  THE ANDERSONS, INC. )
OF MAUMEE,  OH; THE EQUITY OF EFFING- )
HAM, IL OF EFFINGHAM, IL; THE )
McGREGOR COMPANY OF COLFAX, WA; )
And VAN HORN INC. OF MT. ZION, ILL )
                                                                     )
                                           Petitioners,    )
                                                                     )
v.                                                              )     Case No. 15-1326
                                                                     )
UNITED STATES DEPARTMENT OF      )
LABOR and OCCUPATIONAL SAFETY )
AND HEALTH ADMINISTRATION,      )
                                                                     )
                                           Respondents  )
_____)

## **PETITION FOR REVIEW**

Pursuant to 29 U.S.C. § 655(f) and Rule 15 of the Federal Rules of Appellate Procedure, the above named Petitioners hereby petition for review of the Occupational Safety and Health Administration's ("OSHA") Memorandum for Regional Administrators and State Plan Designees, dated July 22, 2015, addressing "Process Safety Management of Highly Hazardous Chemicals and Application of the Retail Exemption (29 CFR 1910.119(a)(2)(i))" ("Memorandum"). The Memorandum states that it "revises the [OSHA] interpretation of the exemption of retail facilities from coverage of the Process Safety Management of Highly Hazardous Chemicals (PSM) standard (29 CFR 1910.119)." Memorandum at 1. The Memorandum is a "standard" under 29 U.S.C. § 652(8) with an estimated cost of over $100 million for the agricultural retail industry. The Memorandum is invalid because it was promulgated without adhering to the notice, comment, and publication procedures required by 29 U.S.C. § 655(b) and the Administrative Procedure Act, and is otherwise arbitrary and capricious and not in accordance with law. A copy of the Memorandum is attached to this Corrected Petition for Review.

Respectfully submitted,

Dated: September 21, 2015

*/s/ Gary H. Baise*
Gary H. Baise
Anson M. Keller
Stewart D. Fried
OLSSON FRANK WEEDA TERMAN MATZ PC
600 New Hampshire Ave., N.W.
Washington, DC 20037
gbaise@ofwlaw.com
akeller@ofwlaw.com
sfried@ofwlaw.com
(202) 789-1212

*Counsel for Petitioners*

IN THE UNITED STATES COURT OF APPEALS
FOR THE DISTRICT OF COLUMBIA CIRCUIT

ALLIED CO-OP OF ADAMS, WI; BASIN )
FERTILIZER & CHEMICAL CO., LLC OF )
MERRILL, OR; BERN SEED OF BERN, )
KANSAS; BRANDT CONSOLIDATED, INC. )
OF SPRINGFIELD, IL; CENTENNIAL )
AG SUPPLY CO. OF GREELEY, CO; )
CONSUMERS OIL & SUPPLY )
COMPANY OF BRAYMER, MO ; FARMERS )
FEED & GRAIN COMPANY, LLC OF )
RICEVILLE, IA; HARVEST LAND CO-OP )
OF RICHMOND, IN; O'TOOLE OF LETTS, IA; )
PINNACLE AG HOLDINGS, LLC OF )
MEMPHIS, TN; PREMIER AG COOPERATIVE )
ASSOCIATION OF COLUMBUS, IN; )
SINCLAIR ELEVATOR OF PARKERS BURG, )
IA; SOUTH DAKOTA WHEAT GROWERS OF )
ABERDEEN, SD;  STRATTON SEED CO. OF )
STUTTGART, AK;  THE ANDERSONS, INC. )
OF MAUMEE,  OH; THE EQUITY OF EFFING- )
HAM, IL OF EFFINGHAM, IL; THE )
McGREGOR COMPANY OF COLFAX, WA; )
And VAN HORN INC. OF MT. ZION, ILL )
)
                Petitioners, )
)
                    v. )         Case No. 15-1326
)
UNITED STATES DEPARTMENT OF )
LABOR and OCCUPATIONAL SAFETY )
AND HEALTH ADMINISTRATION, )
)
                Respondents. )
_____)

## RULE 26.1 CORPORATE DISCLOSURE STATEMENT OF PETITIONERS

Pursuant to the Federal Rules of Appellate Procedure 26.1 and Circuit Rule 26.1, Petitioners state as follows:

All Petitioners are in the agricultural retail-distribution business which sell crop input products, including anhydrous ammonia, and provide other agronomic services to farmers and other local consumers. None of the Petitioners have parent companies, and no publicly-held company has a 10% or greater ownership interest except for Stratton Seed Co. which is owned by Riceland Seed Company and The Andersons, Inc. which is listed on the NASDAQ as "Ande".

Respectfully submitted,

Dated: September 21, 2015

Gary H. Baise
Anson M. Keller
Stewart D. Fried
OLSSON FRANK WEEDA
TERMAN MATZ PC
600 New Hampshire Ave., N.W.
Washington, DC 20037
gbaise@ofwlaw.com
akeller@ofwlaw.com
sfried@ofwlaw.com
(202) 789-1212

Counsel for Petitioners

## CERTIFICATE OF SERVICE

I certify that on September 21, 2015, I electronically filed the foregoing Petition for Review and Rule 26.1 Corporate Disclosure Statement with the Clerk of the United States Court of Appeals for the District of Columbia Circuit by using the appellate CM/ECF system. I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the appellate CM/ECF system.

Respectfully submitted,

_____
Anson M. Keller

# APPENDIX A



UNITED STATES
DEPARTMENT OF LABOR

A to Z Index | En Español | Contact Us | FAQs | About OSHA

Search

**OSHA**    SHARE    OSHA QuickTakes Newsletter   RSS Feeds    ☆ Was this page helpful?

Occupational Safety & Health Administration    We Can Help    What's New | Offices
OSHA

Home | Workers | Regulations | Enforcement | Data & Statistics | Training | Publications | Newsroom | Small Business | Anti-Retaliation

○ Standard Interpretations - Table of Contents

• **Standard Number:**    1910.119(a)(2)(i)

OSHA requirements are set by statute, standards and regulations. Our interpretation letters explain these requirements and how they apply to particular circumstances, but they cannot create additional employer obligations. This letter constitutes OSHA's interpretation of the requirements discussed. Note that our enforcement guidance may be affected by changes to OSHA rules. Also, from time to time we update our guidance in response to new information. To keep apprised of such developments, you can consult OSHA's website at http://www.osha.gov

July 22, 2015

| | |
|---|---|
| MEMORANDUM FOR: | REGIONAL ADMINISTRATORS<br>STATE PLAN DESIGNEES |
| THROUGH: | DOROTHY DOUGHERTY<br>Deputy Assistant Secretary |
| FROM: | THOMAS GALASSI, Director<br>Directorate of Enforcement Programs |
| SUBJECT: | Process Safety Management of Highly Hazardous Chemicals and Application of the Retail Exemption (29 CFR 1910.119(a)(2)(i)) |

This memorandum revises the Occupational Safety and Health Administration's (OSHA) interpretation of the exemption of retail facilities from coverage of the Process Safety Management of Highly Hazardous Chemicals (PSM) standard (29 CFR 1910.119). The revision is in accordance with the President's August 1, 2013, Executive Order 13650, *Improving Chemical Facility Safety and Security*.[1]

The PSM standard contains an exemption from coverage for retail facilities at 29 CFR 1910.119(a)(2)(i). Although the term "retail facility" is not defined, the preamble to the final PSM standard explains that chemicals in retail facilities are generally sold in small packages, containers, and allotments (57 FR 6356, 6369 - February 24, 1992). The preamble gives the example of gasoline stations as a type of facility that would typically qualify for the exemption.

Other Federal Government agencies define retail facilities in similar terms. In particular, the U.S. Department of Commerce, which is responsible for the development of the North American Industry Classification System (NAICS) that organizes businesses into specific industrial sectors for economic and statistical purposes, characterizes retail trade as follows:

> The Retail Trade sector comprises establishments engaged in retailing merchandise, generally without transformation, and rendering services incidental to the sale of merchandise. The retailing process is the final step in the distribution of merchandise; retailers are, therefore, organized to sell merchandise in small quantities to the general public. North American Industry Classification System Manual ("NAICS Manual"), Sector 44-45 - Retail Trade.[2]

Following the promulgation of the PSM standard, however, OSHA issued a series of letters of interpretation and made statements in the PSM compliance directive (CPL 02-02-045) interpreting the exemption much more broadly. According to these statements, an establishment was exempt from PSM coverage if it derived more than 50 percent of its income from direct sales of highly hazardous chemicals to the end user ("the 50 percent test"). This interpretation, however, has no relationship to OSHA's original intent for application of the exemption, nor is it consistent with either the commonly understood meaning of retail establishment or the definition recognized by the U.S. Department of Commerce in the NAICS Manual.

In addition, the 50 percent test allows employers who sell or distribute large, bulk quantities of highly hazardous chemicals directly to end users to claim the exemption, even if the end users are themselves commercial establishments. This result is directly contrary to OSHA's original intent, as stated in the preamble to the PSM standard. There, OSHA said that it chose to exclude retail facilities from PSM coverage because the small container, package, or allotment sizes of the chemicals typically found at these facilities do not present the same safety hazards as establishments that handle large, bulk quantities of materials. The types of facilities described in the preamble generally fall into NAICS Sectors 44-45 - Retail Trade. In contrast, facilities that handle large, bulk quantities of

materials typically fall into NAICS Sector 42 - Wholesale Trade - and include facilities that sell or arrange the purchase or sale of raw and intermediate materials and supplies used in the production of other end products. Because the exemption is limited specifically to retail facilities, it should never have been interpreted to cover facilities engaged in distinctly wholesale activities.

As a result, OSHA hereby rescinds all prior policy documents, letters of interpretation, and memoranda related to the retail exemption and the 50 percent test. OSHA now interprets the retail facilities exemption in accord with its original intent, and in reference to the widely-accepted NAICS Manual:

> Only facilities, or the portions of facilities, engaged in retail trade as defined by the current and any future updates to sectors 44 and 45 of the NAICS Manual may be afforded the retail exemption at 29 CFR 1910.119(a)(2)(i).

OSHA will also update the statement of policy related to retail facilities in the PSM compliance directive (CPL 02-02-045) consistent with this new interpretation. Therefore, a compliance safety and health officer (CSHO) may recommend issuance of a citation for any applicable violation(s) of the PSM Standard after determining that the employer's primary NAICS related to the sale of HHCs is something other than a retail trade, as defined in NAICS sectors 44 or 45, and PSM coverage is otherwise established. The area office should contact the appropriate regional office or the Office of Chemical Process Safety and Enforcement Initiatives if there are questions regarding the employer's operations as they relate to the application of the retail exemption.

If, during the course of an inspection, an employer claims it is eligible for the retail exemption, a CSHO should: (1) ask the employer to provide the basis for their retail exemption claim; and (2) review operations of the employer's facility to determine the validity of the exemption claim.

Appendix A contains example questions and answers related to the retail exemption to assist CSHOs in determining the application of this enforcement policy memorandum.

## Appendix A

### PSM Retail Exemption Questions

Q1 - Company A has a PSM-covered process that it uses to manufacturer a feed stock that is a highly hazardous chemical (HHC). The feed stock is piped directly to a facility across the fenceline where it is used as part of Company B's process. In other words, Company A sells 100 percent of its product to an end user (Company B). Can Company A claim that its PSM-covered process is eligible for the retail exemption, 29 CFR 1910.119(a)(2)(i)?

R1 - No. The retail exemption at 29 CFR 1910.119(a)(2)(i) is intended for establishments in retail trade. The manufacturing of chemicals is not a retail trade activity (NAICS 44 or 45). Chemical manufacturing facilities typically are classified in the NAICS 325 subsector. As indicated in the attached memorandum, the percentage of product sold to an end user is irrelevant. Therefore, Company A is not eligible for the retail exemption at 29 CFR 1910.119(a)(2)(i).

Q2 - Company B, a farm supply company, stores 25,000 pounds of anhydrous ammonia for sale to farmers for application to farmland. Can Company B claim that the storage of the anhydrous ammonia is eligible for the retail exemption because sales are directly to farmers?

R2 - No. The retail exemption at 29 CFR 1910.119(a)(2)(i) is intended for establishments in retail trade. Farm supply merchant wholesalers (NAICS 424910) are not in retail trade because they do not sell chemicals in small quantities or containers to the general public. Therefore, Company B is not eligible for the retail exemption at 29 CFR 1910.119(a)(2)(i). Note, however, that employers with agricultural operations covered by Part 1928 are not subject to the PSM standard (see 29 CFR 1928.21).

Q3 - Company C, a typical gasoline service station, has three underground storage tanks containing more than 10,000 pounds of grades of gasoline, a flammable liquid. It sells the gasoline to customers in quantities of less than 50 gallons at once. Is Company C eligible for the retail exemption?

R3 - Yes. The retail exemption at 29 CFR 1910.119(a)(2)(i) is intended for establishments in retail trade. Service stations, gasoline stations, and gasoline stations with convenience stores are in the retail trade (NAICS 4471) because the flammable liquid is sold to the general public in small allotments (e.g., five to 50 gallons), which is consistent with the intent of the standard. Therefore, Company C is eligible for the retail exemption at 29 CFR 1910.119(a)(2)(i).

Q4 - Company D reacts anhydrous ammonia and nitric acid to form ammonium nitrate for sale to farmers to apply to farmland. Is the facility where this manufacture and sale takes place eligible for the retail exemption?

A4 - No. The retail exemption at 29 CFR 1910.119(a)(2)(i) is intended for establishments in retail trade. Establishments that manufacture ammonium nitrate in this manner are classified in the NAICS as 325311, Nitrogenous Fertilizer Manufacturing, or 424910, Farm Supplies Merchant Wholesalers. These facilities are not in retail trade. Therefore, Company D is not eligible for the retail exemption at 29 CFR 1910.119(a)(2)(i).

Q5 - Can liquefied petroleum gas (LP gas) wholesalers claim that storage of LP gas is exempt from PSM because of the retail exemption?

A5 - No. The retail exemption at 29 CFR 1910.119(a)(2)(i) is intended for establishments in retail trade, and wholesale trade by definition is not retail trade. LP gas wholesalers use the NAICS code 424710, Petroleum Bulk Stations and Terminals or 424720, Petroleum and Petroleum Products Merchants Wholesalers, which are not retail trade NAICS codes. Therefore, LP gas wholesalers are not eligible for the retail exemption at 29 CFR 1910.119(a)(2)(i).

Q6 - An employer owns and operates a mobile home park with NAICS - 531190 (Lessors of Other Real Estate Property). Ancillary to the primary business, the employer has a propane bullet containing more than 10,000 pounds of propane, a flammable gas. Therefore, a PSM-covered process exists. The employer sells the propane to the park residents as well as the general public. The employer sells only in 20-, 50-, and 100-pound allotments. Does the retail exemption apply to this otherwise covered PSM process?

A6 - Yes. The retail exemption at 29 CFR 1910.119(a)(2)(i) is intended for establishments in retail trade. Even though the employer's primary NAICS (531190) is a non-retail code, the sale of propane is a secondary activity with its own unique NAICS number. In this case, to decide whether the retail exemption applies, the CSHO needs to determine the appropriate NAICS for the portion of the business that sells the HHC. In this case, based on the facts provided, including that the employer is selling small retail-size quantities of propane (20-, 50-, and 100-pound allotments), the secondary NAICS for the sale of the propane at this establishment is 454312, Liquefied Petroleum Gas Dealers, which is a retail NAICS number. Therefore, the retail exemption applies to this business.

Q7 - What is the distinction between NAICS 454312, Liquefied Petroleum Gas Dealers, and 424710, Petroleum Bulk Stations and Terminals, described in Q5 above, and 424720, Petroleum and Petroleum Products Merchants Wholesalers, discussed in Q6 above?

A7 - Liquefied Petroleum Gas Dealers, NAICS 454312, is a code describing a retail store or non-store facility that sells small allotments of LP gas (propane, n-butane) directly to the general public, either by filling small LPG cylinders at the merchant's facility or by filling stationary vessels at residences and businesses. On the other hand, both Petroleum Bulk Stations and Terminals, NAICS 424710, and Petroleum and Petroleum Products Merchants Wholesalers, NAICS 424720, conduct wholesale distribution to merchants, even if they also make some sales to the general public.

Footnote(1) Executive Order 13650, *Improving Chemical Facility Safety and Security*, Section 6(e)(i) "Within 90 days of the date of this order, the Secretary of Labor shall identify any changes that need to be made in the retail and commercial grade exemptions in the PSM standard..."

Footnote (2) North American Industry Classification System, United States, 2012, National Technical Information System, Springfield, Virginia

 Standard Interpretations - Table of Contents

Freedom of Information Act  |  Privacy & Security Statement  |  Disclaimers  |  Important Web Site Notices  |  International  |  Contact Us

U.S. Department of Labor  |  Occupational Safety & Health Administration  |  200 Constitution Ave., NW, Washington, DC 20210
Telephone: 800-321-OSHA (6742)  |  TTY
www.OSHA.gov

https://www.osha.gov/pls/oshaweb/owadisp.show_document?p_table=INTERPRETATIONS&p_id=29528    9/10/2015